KOAM PRODUCE, INC., Petitioner,

v.

UNITED STATES of America, United States Department of Agriculture, The Secretary of Agriculture, Respondents.

No. 06–4838–ag.

United States Court of Appeals, Second Circuit.

March 12, 2008.

Paul T. Gentile (Kevin P. Claffley, on the brief), Gentile & Dickler LLP, New York, NY, for Petitioner.

James Michael Kelly, Deputy General Counsel (Margaret M. Brienholt, Assistant General Counsel, Leslie K. Lagomarcino, Senior Counsel, on the brief) Office of the General Counsel, U.S. Department of Agriculture, Washington, DC, for Respondents.

Present: Hon. JOSEPH M. McLAUGHLIN, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. BRIAN M. COGAN, District Judge.[1]

## SUMMARY ORDER

Petitioner Koam Produce, Inc. appeals from a June 2, 2006 final order of the Judicial Officer ("JO"), acting on behalf of the Secretary of the United States Department of Agriculture ("USDA"),[2] finding that the company violated § 499b(4) of the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. §§ 499a–499s (2000), by making illegal payments to a USDA produce inspector. The JO ordered the facts and circumstances set forth in its decision and order to be published, because Koam's PACA license had already been terminated due to its failure to pay the annual fee. The JO affirmed the April 18, 2005 and January 6, 2006 decisions of the Administrative Law Judge ("ALJ") (Clifton, J.), which found that Marvin Friedman, acting as Koam's agent, paid unlawful bribes and gratuities to a USDA inspector between April and July of 1999 in connection with 42 federal inspections of perishable agricultural commodities, and that Koam thus committed willful, flagrant and repeated violations of § 499b(4) of PACA. Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues.

We reject Koam's argument that the Secretary does not have the authority

---

1. The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

2. The Secretary of Agriculture has delegated authority to the Judicial Officer to act as final deciding officer in USDA's adjudicatory proceedings subject to 7 U.S.C. §§ 556 and 557. 5 C.F.R. § 2.35.

to impute Friedman's intentional misconduct to the corporation under § 499p of PACA. Koam does not dispute that Friedman paid bribes to a USDA produce inspector nor that his behavior violated § 499b(4) of PACA. *See also G&T Terminal Packaging Co. v. USDA*, 468 F.3d 86, 97 (2d Cir.2006) (endorsing the Secretary's interpretation of § 499b(4) as prohibiting all illicit payments to inspectors). Rather, Koam contends only that it should not be held responsible for those bribes, even though § 499p of PACA provides that:

> In construing and enforcing the provisions of this chapter, the act, omission, or failure of any agent, officer, or other person acting for or employed by any commission merchant, dealer, or broker, within the scope of his employment or office, shall in every case be deemed the act, omission, or failure of such commission merchant, dealer, or broker as that of such agent, officer or other person.

7 U.S.C. § 499p. This Court has already specifically held that "Friedman's acts—bribing USDA inspectors—are deemed the acts of Koam" under PACA. *Koam Produce, Inc. v. DiMare Homestead, Inc.*, 329 F.3d 123, 130 (2d Cir.2003); *see also H.C. MacClaren v. USDA*, 342 F.3d 584, 591 (6th Cir.2003) (employee's conduct imputable to corporation under PACA); *Potato Sales Co., Inc. v. Dep't of Agric.*, 92 F.3d 800, 807 (9th Cir.1996) (same); *ABL Produce, Inc. v. USDA*, 25 F.3d 641, 644 (8th Cir.1994) (corporation may be held responsible for its employee's acts under PACA even if it was not aware of them). Moreover, despite Koam's repeated assertions to the contrary, its principals are not being held *criminally* responsible for Friedman's activities in this proceeding.

█ We also reject Koam's argument that its Fifth Amendment due process rights were violated because the JO and the ALJ are institutionally biased against it. Administrative adjudicators are presumed to be unbiased and this presumption can only be rebutted if the party asserting bias makes a showing of a disqualifying interest, either pecuniary or institutional. *Wolkenstein v. Reville*, 694 F.2d 35, 41–42 (2d Cir.1982). Koam's frivolous allegations regarding congressional pressure entirely fail to meet this burden.

█ Finally, we reject Koam's argument that the evidence does not show that it willfully, flagrantly and repeatedly violated § 499b(4) of PACA and thus that the JO should not have imposed the sanction of publication. We review the Secretary's factual findings under the "substantial evidence" test. *Consol. Edison v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). "The court may decide only whether, under the pertinent statute and the relevant facts, the Secretary made 'an allowable judgment in his choice of remedy.'" *Butz v. Glover Livestock Comm'n Co.*, 411 U.S. 182, 189, 93 S.Ct. 1455, 36 L.Ed.2d 142 (1973) (quoting *Jacob Siegel Co. v. FTC*, 327 U.S. 608, 612, 66 S.Ct. 758, 90 L.Ed. 888 (1946)). We conclude that there is substantial evidence to support the Secretary's factual findings and his choice of remedy was allowable.

Accordingly, for the reasons set forth above, the decision and order of the Secretary of Agriculture is hereby AFFIRMED.